IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARCUS RUBEN ELLINGTON,

    Plaintiff,                      No. CIV S-99-1474 MCE CMK P

    vs.

DIRECTOR OF CORRECTIONS, et al.,

    Defendants.                  <u>ORDER AND</u>

                                                <u>FINDINGS & RECOMMENDATIONS</u>

_____/

        Plaintiff has recently filed a number of requests, on May 6, 2005, May 16, 2005 and May 26, 2005, none of which were served on defendants. Plaintiff has been repeatedly advised that every document submitted to the court for consideration must be served on defendants. <u>See</u> Fed. R. Civ. P. 5, <u>see</u> e.g., Orders filed on July 3, 2001, November 7, 2001, February 27, 2003, December 1, 2003, December 23, 2004, and May 17, 2005.

        Plaintiff has been informed on several occasions that documents are generally served by placing a copy in the U.S. mail. Every document submitted to the court must include a certificate stating the date an accurate copy of the document was mailed to defendants or their attorney and the address to which it was mailed. <u>See</u> Local Rule 5-135(b). Plaintiff was

1

cautioned on December 1, 2003 that future failures to serve filed documents would result in a recommendation of dismissal with prejudice on the basis of plaintiff's repeated failure to obey a court order.

In his latest filing on May 26, 2005, plaintiff states that he cannot serve copies of his filings on defendants "due to having no access to a copying machine." (Doc. 281 at 12 (emphasis in the original).) In his response to the court's December 23, 2004 order to show cause why his case should not be dismissed for failure to serve defendants, plaintiff alleged that due to defendants' refusal to allow him access to a wheelchair, he could not access the prison library; the only place where an inmate may make copies of documents and obtain proof of service forms. (Doc. 266 at 3-4.)

The court does not accept plaintiff's arguments as justification for his repeated failure to comply with the court's orders to properly serve filed documents. Plaintiff could have handwritten copies of his documents to serve on opposing counsel, or plaintiff could have attempted to remedy his situation by, for example, filing a motion alleging a denial of access to the courts based on his inability to access the prison law library. Instead, plaintiff choose to continue to file documents without proper service, repeatedly disregarding the court's order. Even though plaintiff is appearing pro se and is incarcerated, he is not exempt from the requirements of the Local Rules of the U.S. District Court for the Eastern District of California and the Federal Rules of Civil Procedure.

The undersigned is mindful that dismissal is a harsh penalty and is to be imposed only in extreme circumstances. Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986). There are five factors which the court must weigh before imposing the harsh penalty of dismissal. Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987). Those factors are "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its own docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Malone, 833 F.2d at 130 (quoting

Thompson v. Housing Authority, 782 F.2d 829, 831 (9th Cir.), cert. denied, 479 U.S. 829 (1986). In Hamilton Copper & Steel Corp. v. Primary Steel, 898 F.2d 1428, 1429 (9th Cir. 1990), the court noted that the two factors which are decisive are the availability of less drastic sanctions and the lack of prejudice.

A weighing of the five factors supports the sanction of dismissal in this case. (1) Plaintiff's repeated refusal to serve opposing counsel with copies of his filings has interfered with the timely resolution of this litigation. (2) Plaintiff's repeated refusal to heed the court's order to properly serve filed documents has hindered the court's management of its docket. (3) Although defendants have suffered no actual prejudice, the court did explicitly warn plaintiff of the consequences of his continued failure to properly effect service. Accordingly, the lack of prejudice to defendants should not be determinative of the court's dismissal of this action. See Henderson, 779 F.2d 1421, 1424 (9th Cir. 1986). As to the last factor, this court has considered the imposition of less drastic sanctions. The imposition of monetary sanctions would be unavailing against this plaintiff. The only remaining factor is the public policy favoring disposition of cases on their merits. This is a consideration of the highest order, but one which is inevitably violated when the sanction of dismissal is invoked. This court spends long hours construing claims favorably to pro per plaintiffs in order to see to it that cases are decided on their merits, but plaintiff in this case has, by his own willful actions, forfeited any claim to the benefit of this policy.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's unserved documents shall be placed in the court file and disregarded.

IT IS HEREBY RECOMMENDED that this action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District

---

[1] The court takes judicial notice of a motion to dismiss filed on May 24, 2005 by defendants on the grounds that plaintiff refused to submit to his noticed deposition. Plaintiff's proffered reason for not appearing at his deposition was that he could not appear without a wheelchair. (Doc. 279, Ex. A., Attch. B.)

1  Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
2  days after being served with these findings and recommendations, any party may file written
3  objections with the court and serve a copy on all parties. Such a document should be captioned
4  "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections
5  shall be served and filed within ten days after service of the objections. The parties are advised
6  that failure to file objections within the specified time may waive the right to appeal the District
7  Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).
8  DATED: June 2, 2005.

**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE